NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 12 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff-Appellee, v. D'ANGELO DAVIS, Defendant-Appellant. | No. 21-10094 D.C. No. 2:98-cr-00114-KJM-AC-1 MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, Chief District Judge, Presiding

Submitted December 7, 2021**
San Francisco, California

Before: GRABER and COLLINS, Circuit Judges, and CHOE-GROVES,*** Judge.

D'Angelo Davis appeals from the district court's denial of his motion for

reconsideration of the denial of his motion for compassionate release under

18 U.S.C. § 3582(c)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291.

Reviewing for abuse of discretion, *United States v. Aruda*, 993 F.3d 797, 799 (9th

Cir. 2021), we affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes that this case is suitable for decision without oral argument. *See* FED. R. APP. P. 34(a)(2)(C).

\*\*\* The Honorable Jennifer Choe-Groves, Judge of the United States Court of International Trade, sitting by designation.

Under the compassionate-release statute, the district court may reduce a term of imprisonment if it finds, (1) "after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable," (2) that there are (a) "extraordinary and compelling reasons" (b) which "warrant such a reduction"; and (3) "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The district court's orders denying Davis's motions reflect a proper understanding of these legal standards. In particular, consistent with our subsequent decision in *Aruda*, the district court correctly held that, in exercising its discretion under § 3582(c)(1)(A), it was *not* bound in this case by the terms of the policy statement in United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.13 but would consider that statement only as "guidance." *See Aruda*, 993 F.3d at 800–02 (holding that § 1B1.13 is binding only if the compassionate-release motion is filed by the Director of the Bureau of Prisons, but that § 1B1.13 nonetheless "may inform a district court's discretion" for motions filed by a defendant).

Moreover, after finding that Davis's health circumstances did present "extraordinary and compelling reasons" in support of a sentence reduction, the district court properly recognized that its task was to weigh the § 3553(a) factors in order to make the ultimate determination whether those "extraordinary and compelling reasons *warrant* such a reduction." *See* 18 U.S.C. § 3582(c)(1)(A)(i)

(emphasis added). One of the factors recognized in § 3553(a) and in the guidance provided by § 1B1.13 is the extent to which the defendant would pose a danger to the community if released. *See* 18 U.S.C. § 3553(a)(2)(C) (court should consider the need "to protect the public from further crimes of the defendant"); U.S.S.G. § 1B1.13(2) (court should consider whether the defendant is "a danger to the safety of any other person or to the community" as described in the Bail Reform Act, 18 U.S.C. § 3142(g)). The district court therefore properly considered whether that factor weighed against a sentence reduction here. *See United States v. Keller*, 2 F.4th 1278, 1283–84 (9th Cir. 2021) (affirming denial of a defendant's motion under § 3582(c)(1)(A)(i) based largely on the defendant's dangerousness to the community).

Affording the "deference" due to "the district court when it makes these discretionary decisions," *Keller*, 2 F.4th at 1284, we reject Davis's challenge to the district court's weighing of the relevant factors. Davis contends that the district court placed undue emphasis on future dangerousness, but we disagree. As we recognized in *Keller*, the defendant's danger to the community will often be one of the most salient of the § 3553(a) factors, and the district court reasonably reached that conclusion here. *Id*. The district court considered the violent nature of Davis's underlying crimes, his behavior and disciplinary record in prison, and his proposed plans if he were to be released and concluded that, on balance, Davis

3

continued to present a sufficient danger to the community to warrant denial of his motion, notwithstanding his medical condition. In denying reconsideration, the district court also specifically considered Davis's argument that "he has served a large portion of the sentence he would have received if he had been sentenced today" and held that it would not change the court's conclusion. Although Davis would have preferred the district court to weigh the various considerations differently, we find no abuse of discretion.

**AFFIRMED.**